UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | |
| UNITED STATES ) | |
| ) | |
| v. ) | 03-CR-10329-PBS |
| ) | |
| BRIMA WURIE ) | |
| _____ ) | |

### DEFENDANT BRIMA WURIE'S FIRST INDIVIDUAL MOTION IN LIMINE

Now comes the defendant Brima Wurie and further moves for exclusion of the following evidence (and references thereto in argument)[1]:

1. <u>Brima Wurie's incarceration:</u>

The Court should prohibit any evidence or reference to Mr. Wurie's incarceration or potential incarceration prior, during, or subsequent to the events alleged in the indictment. Any minimal relevance such evidence might have is substantially outweighed by the risk of unfair prejudice. Such evidence must therefore be excluded under Rule 403's balancing test. *United States v. Varoudakis,* 233 F. 3d 113, 118 (1st Cir. 2000.)

2. <u>All acts before January 30, 2000 and after July 19, 2000:</u>

Brima Wurie is alleged to have been a member of the enterprise from January 30, 2000 to July 19, 2000, after which he was arrested and incarcerated. Clearly all acts of the enterprise before January 30, 2000 when the Government alleged he first joined the enterprise,

---

[1] These items relate to defendant Wurie individually. Defendant Wurie has also filed a First Motion in Limine jointly with co-defendant Angelo Brandao.

-1-

should be inadmissible against him as should all acts allegedly committed after he was incarcerated, which the Government does not allege that Mr. Wurie had knowledge of or participated in in any way.  Although the Government's evidence of the existence of the alleged enterprise is minimal and in fact insufficient, the Government should not be permitted to introduce evidence of violence unrelated to this defendant that is merely cumulative and does nothing to advance the Government's argument of enterprise where evidence of violence clearly prejudices the defendant.  *United States v. Andrews*, 754 F. Supp. 1161, 1178 (N.D. Ill. 1990) (holding that the Government would not be permitted to offer evidence of all charged racketeering acts at a separate trial since, even if technically admissible under Rule 401, evidence of racketeering acts unrelated to the defendant on trial "would certainly be excluded at each separate trial because of its lack connection to the act of criminal deeds of any of the defendants at those particular trials," where the probative value was substantially outweighed by the danger of unfair prejudice and the evidence was merely cumulative): *United States v. Gallo*, 668 F. Supp. 736, 757 (ED. NY 1987) ("the Government would not be able to introduce unlimited "enterprise" evidence at the individual trial of each defendant as such evidence would be inadmissible or cumulative).

Respectfully submitted,
BRIMA A. WURIE,
By his attorneys,


/s/ Norman S. Zalkind
Norman S. Zalkind (B.B.O. # 538880)
Elizabeth A. Lunt (B.B.O. #307700)
Zalkind, Rodriguez, Lunt & Duncan
65a Atlantic Avenue
Boston, MA 02110
(617)742-6020

Dated: January 6, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of Defendant Brima Wurie's First Individual Motion in Limine was served upon all counsel of record on January 6, 2006 by electronic filing.

/s/ Elizabeth A. Lunt
Elizabeth A. Lunt

-3-